# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARNELLE L. SHOWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| KEVIN R. ALVINO AND | : C.A. No: |
| UNITED STATES OF AMERICA | : |
| d/b/a UNITED STATES POSTAL | : |
| SERVICES, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Sharnelle L. Showell, by and through her attorney, by way of Complaint against Defendants, Kevin R. Alvino and United States of America d/b/a United State Post Office alleges and says:

### Jurisdiction and Venue

1. This action is brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §2671 et seq., 28 U.S.C. §1346(b) and 28 U.S.C. §2401(b).

2. On June 9, 2020, Plaintiff provided the Defendants, United States of America, d/b/a United States Postal Service ("USPS"), of a formal notification of

her claims via Form SF-95. See June 9, 2020 letter, a true and correct copy of which is attached hereto and marked as Exhibit "A".

3. USPS did not respond to Plaintiff's SF-95.

4. In accordance with 28 U.S.C. §2401(b) and 39 C.F.R. 912.9(a), plaintiff is permitted to bring this action in the United States District Court.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C.S. §1402(b) as the plaintiff resides in this District, and the acts or omissions complained of occurred in this District.

## Parties

6. Plaintiff, Sharnelle L. Showell, is a citizen and resident of the State of Delaware, residing therein at 643 Rosemary Drive, Seaford, DE 19973.

7. Defendant, Kevin R. Alvino, is a citizen of the State of Delaware, residing therein at 6006 Federalsburg Road, Bridgeville, DE 19933.

8. Defendant, USPS, a government agency, licensed to do business in the State of Delaware, with a local office in this District located at 2001 Bridgeville Highway, Seaford, DE 19973.

## Statement of Claim

9. On or about June 2, 2019, Plaintiff was traveling Southbound on Seaford Road, and Defendant Alvino was also traveling Southbound on Seaford Road in the shoulder, when suddenly and without warning, Defendant moved into

the path of Plaintiff colliding with Plaintiff's vehicle causing her to lose control and spin across both lanes of traffic, ultimately stopping in the Northbound shoulder of Seaford Road.

10. At all times relevant, USPS owned the vehicle operated by Defendant Alvino.

11. At all times relevant, Defendant Alvino was operating the USPS vehicle within the course and scope of his employment with USPS.

12. At all times relevant, USPS was acting by and through its respective agents, servants, and/or employees, Defendant Alvino, in the operation of the vehicle that struck Plaintiff.

13. At the time and date aforesaid, Plaintiff suffered serious and permanent injuries because of the carelessness, recklessness and negligence of the Defendants, Kevin Alvino and USPS, as stated more specifically herein.

## COUNT I

14. Paragraphs one through thirteen are incorporated in full by reference herein.

15. At all times relevant, Defendant Alvino was an employee, servant or agent of Defendant USPS.

16. Under the doctrine of respondeat superior, Defendant USPS is jointly and severally responsible for the negligence of its employees, including the

negligence of Defendant Alvino, who was operating a vehicle registered to Defendant USPS.

17. As a direct and proximate result of the aforesaid conduct of the Defendant USPS's employee, Plaintiff sustained injuries, including but not limited, to her right leg, right hand, neck, back, head and PTSD, some or all of which may be permanent, pain and suffering, mental distress, medical expenses and other damages.

18. As a further and proximate result of aforesaid collision, Plaintiff has incurred and will continue to incur in the future, medical and other expenses and lost wages related to treatment for her injuries.

## COUNT II

19. Paragraphs one through eighteen are incorporated in full by reference herein.

20. The aforesaid motor vehicle accident was proximately caused by the negligence of the Defendant Alvino in that he:

    (a) failed to maintain a proper lookout while operating his motor vehicle;

    (b) failed to maintain proper control over the vehicle that he was operating;

    (c) operated his vehicle in a careless or inattentive manner;

(d) operated his motor vehicle at a speed greater than was reasonable and prudent;

(e) failed to yield the right of way while operating his motor vehicle;

(f) was otherwise negligent as the discovery process will reveal.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, for general and special damages in excess of PIP, and other damages, including but not limited to other special damages, in an amount to be determined by a jury, plus costs.

**SILVERMAN McDONALD & FRIEDMAN**

/s/ Robert C. McDonald
ROBERT C. McDONALD, ESQUIRE (2340)
1010 N. Bancroft Parkway
Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Plaintiff